IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRIS WILLIAMS,<br><br>                Plaintiff,<br><br>vs.<br><br>TIM DAHLE IMPORTS, INC., a Utah corporation et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:03CV46 DAK |

      This matter is before the court on Defendant Tim Dahle Imports, Inc., dba Tim Dahle Nissan's ("TDN") Renewed Motion for Summary Judgment. On May 5, 2006, this court issued an Order granting in part and denying in part Defendant's motion. The court dismissed Plaintiff's claim for gender discrimination under Title VII, which was based on TDN's termination of her employment and/or TDN's failure to promote her. The court also dismissed Plaintiff's claim under the Title VII and the EPA regarding the alleged pay disparity between Plaintiff and Mr. Benns.

      The court stated, however, that "to the extent Plaintiff has asserted a claim under Title VII and/or the EPA based on the alleged salary disparity between Plaintiff and other allegedly similarly situated managers, it is unclear whether Defendant has moved for summary judgment on such claims, and, in any event, the merits of such claims have not been adequately briefed by either party."

Defendant's counsel subsequently renewed the motion for summary judgment. The court has determined that oral argument would not assist the court in deciding this motion. The court has considered carefully the memoranda and other materials submitted by the parties. Now being fully advised, the court renders the following Memorandum Decision and Order.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In reviewing the factual record, the court construes all facts and make reasonable inferences in the light most favorable to the non-moving party. *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.1998).

## DISCUSSION

The facts of this case have been set forth in the court's previous Order and will not be repeated here. As stated in this court's Order dated May 5, 2006, to establish a prima facie case under the Equal Pay Act, Plaintiff must show (1) that she was performing work that was "substantially equal" to that of male coworkers, with "equality" being measured on the basis of the skills, duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where work was performed were basically the same; and (3) male employees were paid more. 29 U.S.C. § 206(d)(1); *Sandoval v. City of Boulder*, 388 F.3d 1312 (10th Cir. 2004). Exceptions to equal pay are made when payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential

based on any other factor other than sex.  29 U.S.C. § 206(d)(1).

The Tenth Circuit does "not construe the 'equal work' requirement of the EPA broadly," and it has stated that "failure to furnish equal pay for 'comparable work' or 'like jobs' is not actionable.  *Id.* at 1327 (quoting *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997)).  Rather, "the jobs must be substantially equal in terms of skill, effort, responsibility, and working conditions."  *Id.* at 1327-28.  Once a plaintiff has established that an employer paid unequal wages for jobs performed under similar working conditions that required essentially equal skills, effort, and responsibility, the burden of persuasion then shifts to the defendant, requiring that the employer prove that one of the four specific exceptions justifies the wage disparity.  *See Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993); *Sinclair v. Automobile Club of Okla., Inc.*, 733 F.2d 726, 728 (10th Cir. 1984).

In this case, Plaintiff contends that she was not paid as much as other male managers.  The court finds, however, that Plaintiff still has not established a prima facie case under the EPA.  Plaintiff has not offered any evidence to demonstrate that she and the other male managers worked under similar working conditions or that the same effort was required.  By contrast, Defendant, in its previous motion for summary judgment, set forth evidence that Plaintiff actually made more than every male manager in any management position at either of the two Nissan locations–with the exception of Mr. Benns.  Plaintiff has failed to create a genuine dispute regarding this evidence and has also failed to set forth any evidence to create a genuine disputed fact pertaining to the similarity of the working conditions or the amount of effort required by the various individuals at issue.

Plaintiff's evidence demonstrates only that different managers have different pay plans with different guaranteed salaries, different commission rates, and different other incentives. As in the first summary judgment motion, Plaintiff, has failed to link this evidence to the elements of an EPA claim.[1]

Regarding her purported Title VII claim, Plaintiff has also failed to create a genuine issue of material fact.[2] While the plaintiff if an EPA case "need not prove that the employer acted with

---

[1] Plaintiff has done nothing to establish that her work was "substantially equal" to that of her male coworkers, with "equality" being measured on the basis of the skills, duties, supervision, effort, and responsibilities of the jobs. Moreover, while Plaintiff argues that she held the equivalent of three or four positions (and appears to claim that she should have been paid the salary and commissions of three or four people), she has not claimed that these additional titles required her to work harder or to work longer hours than other managers. She has provided the court with no basis whatsoever on which to evaluate the alleged inequity between Plaintiff's pay plan and the pay plans of similarly situated male managers.

[2] As noted in the court's Order dated May 5, 2007, it was unclear whether Plaintiff had actually pleaded a Title VII pay discrimination claim based on the alleged pay disparity between Plaintiff and other managers, but Defendant's briefing on its first motion for summary judgment suggested that Defendant had construed Plaintiff's Complaint as asserting such a claim. The court noted in its Order that "[b]ecause of the confusing nature of both parties' handling of this evidence concerning the alleged compensation disparity between Plaintiff and other allegedly similarly situated managers, the court declines to rule at this time on any possible claim (either under the EPA or Title VII) arising out of this evidence. Order dated May 5, 2006 at 10. The court granted leave for Defendant to file a renewed motion.

Defendant later filed a renewed motion for summary judgment, but mistakenly failed to move for summary judgment on the Title VII claim–until it filed its reply brief. *See Def.'s Reply Mem. in Supp. of Def.'s Renewed Mot. for Summ. J. at 2-3.* Plaintiff did not seek leave to file a sur-reply to address the Title VII claim. The court has assumed, for purposes of this motion, that Plaintiff had asserted such a Title VII claim in her Complaint and that the evidence set forth in both rounds of Plaintiff's briefing on the summary judgment motion constitutes the evidence supporting both an EPA claim and a Title VII claim.

While the burdens are different for an EPA claim and a Title VII pay disparity claim, the underlying evidence needed to establish a prima facie case under either claim are quite similar. In this case, because Plaintiff has failed to marshal the necessary evidence under to establish an EPA claim, the court has also found that Plaintiff has also failed to marshal the necessary evidence to establish a Title VII pay disparity claim.

discriminatory intent," under Title VII, "the plaintiff always bears the burden of proving that the employer intentionally paid her less than a similarly situated male employee." *Mickelson v. New York Life Insur. Co.*, 460 F.3d 1304, 1310-11 (10th Cir. 2006). Plaintiff "must make a prima facie showing of discrimination consist[ing] of evidence that a female employee 'occupies a job similar to that of higher paid males.'" *Id.* (citation omitted). The "burden is on the plaintiff to show she is similarly situated to the employee with whom she is comparing herself." *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 532 (10th Cir. 1994).

As stated above with regard to Plaintiff's EPA claim, Plaintiff has failed to create a genuine dispute regarding whether she is similarly situated to the male managers against whom she is comparing herself. She has also failed to create a genuine dispute regarding whether her comparators are actually paid at a higher rate. *See Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1363 (10th Cir. 1997). Thus, Plaintiff's Title VII pay discrimination claim also fails.

## CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [docket #40] is GRANTED. Plaintiff's claims for unequal pay under the Equal Pay Act and Title VII are DISMISSED with prejudice. Both parties are to bear their own costs.

DATED this 7th day of March, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge